UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SAMANTHA L. JONES,  )
                              ) No. CV-10-222-CI
        Plaintiff,  )
                              )
v.  ) ORDER GRANTING PLAINTIFF'S
                              ) MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,  ) AND REMANDING FOR ADDITIONAL
Commissioner of Social  ) PROCEEDINGS PURSUANT TO
Security,  ) SENTENCE FOUR 42 U.S.C. §
                              ) 405(g)
        Defendant.  )
                              )
                              )

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 17, 19.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David R. Johnson represents Defendant. The parties have consented to proceed before a magistrate judge. (ECF No. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Samantha L. Jones (Plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on March 19, 2007. (Tr. 38, 106, 109.) Plaintiff alleged disability began March 31, 2007. (Tr. 106, 109.) Benefits were denied initially and on reconsideration. (Tr. 83, 94, 96.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Robert S. Chester on September 11, 2008. (Tr. 52-78.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 55-70.) Vocational expert Tom Moreland also testified.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-1

(Tr. 71-77.) ALJ Chester denied benefits and, after considering additional evidence submitted by Plaintiff, the Appeals Council denied review. (Tr. 1-6, 38-49.)

Jurisdiction to review the Secretary's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides for review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (1988). When the Appeals Council denies review of claim, the ALJ's decision is a final decision subject to review. *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Osenbrock v. Apfel*, 240 F.3d 1157, 1160 (9th Cir. 2001); *McCarthy v. Apfel*, 221 F.3d 1119, 1122 (9th Cir. 2000).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts and record and will, therefore, only be summarized here.

Plaintiff was 37 years old at the time of the hearings. (Tr. 55.) Plaintiff graduated from high school. (Tr. 58.) She has work experience in retail as a layaway clerk, shipping order clerk, and a cashier and stocking clerk. (Tr. 59-61, 72-73.) She last worked in April 2007. (Tr. 58.) She alleges disability due to multiple sclerosis (MS), depression, hearing loss, carpal tunnel syndrome and vision loss. (Tr. 134.) Her last job was in a pharmacy. (Tr. 59-60.) She said she handed out wrong prescriptions due to difficulty hearing. (Tr. 59.) Plaintiff testified she stopped working because the fatigue was too much for her. (Tr. 59, 62.) She needed to take naps during the day for her fatigue. (Tr. 62.) Plaintiff testified her coordination, hearing and vision are also impaired. (Tr. 62.) She testified she sometimes gets dizzy spells and numbness in her hands and feet. (Tr. 65.) She uses a cane prescribed by her doctor,

but she does not use it all the time.  (Tr. 55-56.)  She also wears a brace for her foot prescribed by her physical therapist because when she gets tired she tends to walk on the outside of her foot.  (Tr. 55-56.)  Plaintiff wears hearing aids in both ears and she hears okay with them except in loud environments.  (Tr. 56-57.)  She takes medication for depression but does not receive mental health counseling.  (Tr. 64.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).   "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-3

1  evidence supporting the decision of the Commissioner. *Weetman v.*
2  *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,
3  648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial

gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-5

disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 31, 2007, the alleged onset date. (Tr. 40.) At step two, he found Plaintiff has the following severe impairments: multiple sclerosis, bilateral hearing loss, and dysthymia. (Tr. 40.) At step three, the ALJ found Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-6

Subpt. P, App. 1. (Tr. 42.) The ALJ then found:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could stand/walk at least 2 hours in an 8-hour workday with normal breaks, and sit about 6 hours in an 8-hour workday with normal breaks.  She would also need a sit/stand option.  She should have only superficial contact with the general public.  She would require the use of a cane to ambulate at times.  She could occasionally climb a ramp or stairs, but must never climb a ladder, rope, or scaffolds.  She could occasionally balance, stoop, kneel, crouch, and crawl.  She could frequently accomplish gross and fine bilateral manipulation.  She should avoid working in noisy areas.  She should avoid working on unprotected heights and around dangerous machinery.

(Tr. 45.)  At step four, the ALJ found Plaintiff is capable of performing past relevant work.  (Tr. 48.)  As a result, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act from March 31, 2007, through the date of the decision.  (Tr. 49.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) failing to properly consider the statement of family, friends and coworkers; (2) failing to properly reject the opinions of treating physicians; and (3) concluding Plaintiff does not meet the listing for multiple sclerosis. (ECF No. 18 at 9-17.)  Defendant asserts: (1) the ALJ properly determined Plaintiff's multiple sclerosis was not disabling under the listing; and (2) new evidence submitted to the Appeals Council does not undermine the ALJ's findings.  (ECF No. 20 at 7-16.)

**DISCUSSION**

**1.   Meets the Listing**

Plaintiff argues she meets the criteria for disability under

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-7

listing 11.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d)).  (ECF No. 18 at 13-14.)  If Plaintiff meets the listed criteria for disability, she is presumed to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The criteria for presumptively disabling multiple sclerosis is:

> A. Disorganization of motor function as described in 11.04B; or
> B. Visual or mental impairment as described under the criteria in 2.02, 2.03, 2.04, or 12.02; or
> C. Significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process.

20 C.F.R. Part 404, Subpt. P, App. 1, 11.09.  The ALJ addressed each element of the listing specifically.  (Tr. 42.)  Plaintiff argues the objective evidence of fatigue is sufficient to meet subsection C of 11.09.  (ECF No. 18 at 13.)

The only evidence before the ALJ and cited by Plaintiff in support of her argument that she meets the listing is from Dr. Kanter who noted Plaintiff's reports of fatigue in March and June 2007.[1]  (Tr. 317, 322.)  The ALJ also noted this evidence.  (Tr. 42.)  In fact, the ALJ observed that Plaintiff frequently complained of fatigue following her diagnosis of multiple sclerosis.  (Tr. 42, 257, 327, 351, 426, 430, 434, 454, 476.)  However, the ALJ also observed that objective measures of muscle bulk and tone were always normal in the upper and

---

[1] Plaintiff also cited evidence from Dr. Pugh which was incorporated into the record but was not before the ALJ.  (ECF No. 18 at 13.)  The ALJ could not err by failing to consider or improperly considering evidence not before him.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-8

lower extremities and her strength was always 4 or 5 of 5. (Tr. 42-43, 322, 428, 435.) Additionally, Dr. Gould found that Plaintiff had a vitamin D deficiency and thought this might contribute to her fatigue and neuromuscular problems, which had been primarily attributed to multiple sclerosis. (Tr. 43, 479.) Therefore, the ALJ reasonably concluded the evidence reflects that Plaintiff does not meet listing 11.09 part C, which requires "significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination." To the contrary, physical examination showed normal or almost normal muscle strength, bulk and tone.

Plaintiff cites no other evidence and makes no other argument describing how she meets listing 11.09. Plaintiff bears the burden of establishing she meets a listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). A generalized assertion of functional problems is not enough to establish disability at step three. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The evidence cited by the ALJ constitutes substantial evidence supporting his conclusion that Plaintiff does not meet or equal listing 11.09. As a result, the ALJ did not err.

**2.   Dr. Pugh**

Plaintiff argues the ALJ failed to properly reject the opinions of treating physician Dr. Pugh. (ECF No. 18 at 10, 14-15.) In September 2005, Dr. Pugh completed a one-page form for Plaintiff's employer, Walmart, regarding Plaintiff's condition. (Tr. 223.) Dr. Pugh noted Plaintiff's diagnosis is multiple sclerosis and recommended a 24-hour work week because of fatigue. (Tr. 23.) Plaintiff argues the ALJ erred by failing to address this statement. However, the

statement from Dr. Pugh was submitted to the Appeals Council and was not before the ALJ.[2] The ALJ did not err by failing to address a statement that was not available to him.

Furthermore, even if the statement had been before the ALJ, there would be no error because Dr. Pugh's statement was written almost 18 months before the alleged onset date of March 31, 2007. Plaintiff continued to work until April 2007. (Tr. 58.) Thus, Dr. Pugh's statement from September 2005 is not particularly probative to Plaintiff's disability claim commencing March 31, 2007. The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). As a result, there is no error with regard to Dr. Pugh's statement.

**3.   Dr. Kanter**

Plaintiff argues the ALJ failed to properly reject the opinion of Dr. Kanter, a treating physician. In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial

---

[2] See discussion *infra* regarding the date of the evidence submitted to the Appeals Council.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-10

evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Plaintiff argues the ALJ failed to reject Dr. Kanter's opinion that it was appropriate for her to quit work.[3] (ECF No. 18 at 15.) The ALJ discussed many of Dr. Kanter's records preceding the alleged onset date, but did not address Dr. Kanter's records closest to Plaintiff's alleged onset date. (Tr. 42.) In February 2007, Plaintiff reported increased numbness in her feet over the preceding two weeks and that she was a "little bit dizzy and a little more clumsy"; she reported she dragged her left foot when tired, and her left ankle was painful. (Tr. 324.) Although her strength was unchanged, she reported "quick thinking" was difficult and "[h]er fatigue was bad." (Tr. 324.) Dr. Kanter noted some weakness in her lower extremity and concluded she could be having a multiple sclerosis exacerbation or pseudo exacerbation. (Tr. 326.)

On March 27, 2007, Dr. Kanter saw Plaintiff and noted she reported it has been harder to concentrate lately which had led to some problems at work. (Tr. 321.) She was still dragging her feet when tired and "[h]er fatigue was bad." (Tr. 321.) Dr. Kanter opined, "Fatigue is a significant problem leading to concentration difficulties. This has led her to give up her job, which I think is appropriate." (Tr. 322.)

The ALJ failed to adequately address Dr. Kanter's opinion. A general summary of an opinion without specific reasons for rejecting

---

[3]It is noted that Defendant did not respond to Plaintiff's argument about the ALJ's failure to reject Dr. Kanter's opinion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-11

<p></p>
<p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p /><p />

it is insufficient.  *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990).  In fact, the ALJ seems to give weight to Dr. Kanter's records, citing them in support of the RFC finding.  (Tr. 45-48.)  Further, the ALJ stated, "the undersigned has given appropriate weight to the medical opinions of accepted medical sources."  (Tr. 48.)  However, the ALJ did not mention or reject Dr. Kanter's opinion that it was appropriate for Plaintiff to give up her job.  (Tr. 42.)  While the ALJ need not discuss every detail of every piece of evidence in the record, the opinion of a treating physician as to the appropriateness of a claimant's departure from work due to a medical condition is highly relevant.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Therefore, the ALJ erred by failing to discuss or reject Dr. Kanter's opinion that it was proper for Plaintiff to quit work.

**4.     Evidence Submitted to Appeals Council**

Plaintiff argues evidence not before the ALJ but submitted to the Appeals Council justifies remand.  (ECF No. 18 at 15-17.)  By cover letter dated June 30, 2008, Plaintiff submitted employment records from Walmart dated September 26, 2002, through April 3, 2007, and statements from associates and co-workers date October 12, 2008, through October 27, 2008.[4]  (Tr. 216.)  However, it is noted that the

---

[4]Included in the Walmart employment records is the statement from Dr. Pugh dated September 8, 2005, indicating he recommended a 24-hour work week due to fatigue. (Tr. 223.)  As noted *supra*, the September 8, 2005, statement is not particularly relevant because Plaintiff engaged in substantial gainful activity after the date of the statement.  Similarly, the employment records contain notes from Dr. Kanter excusing Plaintiff from work due to medical treatment or severe

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-12

cover letter addressed to the Appeals Council is dated before the date of the hearing on September 11, 2008, before the date of the ALJ's decision on October 2, 2008, and before the various October 2008 dates of the statements from associates and co-workers. (Tr. 49.) There is also a fax date stamp on the top of the cover letter dated November 13, 2008. (Tr. 216.) The date of the cover letter therefore appears to be incorrect and does not establish that the ALJ "should have had" the records as Plaintiff alleges.[5] (ECF No. 18 at 15.)

    Nonetheless, the court properly considers the records because they were considered by the Appeals Council in denying review. Records submitted to the Appeals Council are part of the record for

---

headaches between March 4, 2004, and March 14, 2005, (Tr. 226-27) and from ARNP Tupper excusing Plaintiff from work from September 26, 2002, to October 1, 2002, and July 27, 2005, to July 31, 2005, due to multiple sclerosis. (Tr. 228-29.) These notes also are not particularly relevant because they are dated before the alleged onset date.

    [5]By cover letter dated January 21, 2010, Plaintiff submitted to the Appeals Council additional medical records from December 2009. (Tr. 29.) The Appeals Council determined the December 2009 records are about a time after the ALJ's decision and provided no basis for changing the ALJ's decision. Plaintiff does not argue the December 2009 records undermine the ALJ's decision. The court concludes the 2009 records submitted to the Appeals Council are not relevant to the period at issue.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-13

review.[6] *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (concluding the district court properly considered new evidence submitted to the Appeals Council because the Appeals Council addressed those materials in denying review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting district court reviewed all materials including evidence not before the ALJ when Appeals Council declined to accept review). Thus, this court considers the evidence from Plaintiff's employer and the statements of Plaintiff's friends and co-workers submitted to the Appeals Council in reviewing the ALJ's decision. Defendant concedes the evidence is before the court and the court agrees: "Thus, this Court is limited to judging whether the new evidence undermines the Commissioner's final decision (which is the ALJ's decision), rather than judging the Appeals Council's decision." (ECF No. 20 at 11.)

Plaintiff submitted ten statements from people who worked with her at Walmart, most of whom worked with Plaintiff up to five years before the alleged onset date. (Tr. 230-43.) Several statements noted Plaintiff had been a hard worker and good with customers but noted observations of Plaintiff's physical deterioration and struggles to keep working. (Tr. 230, 238, 243.) Many of the letters detailed Plaintiff's difficulties ambulating and observations about the difficulty of traveling the length of the store to use the restroom or clock in or out. (Tr. 231, 232, 235 236, 242.) One statement noted Plaintiff took four times as long to stock shelves as other employees

---

[6]There is a split among the circuits on this issue. The Ninth Circuit follows majority rule. *See Mills v. Apfel*, 244 F.3d 1, 4 (1st Cir. 2001) (discussing circuit split).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-14

1  and would be in pain and "washed out" afterward.  (Tr. 237.)  Another
2  co-worker indicated Plaintiff used to refuse her offers of a ride home
3  from work, preferring to walk 8-12 blocks after an 8-hour shift.
4  Shortly before Plaintiff stopped working, this co-worker observed
5  Plaintiff struggle for 3-4 minutes to walk a distance of 10 feet; the
6  co-worker then got a wheelchair for Plaintiff to assist in returning
7  her to her work station at the pharmacy.  (Tr. 243.)
8       In total, the statements appear to be compelling evidence of
9  Plaintiff's declining ability to work.  They are relevant to
10 Plaintiff's limitations and condition at the alleged date of onset,
11 around the time Plaintiff stopped working.  The court concludes there
12 is a reasonable possibility that the ALJ would change the decision
13 upon reviewing these numerous statements from disinterested parties
14 who were in a position to observe Plaintiff's limitations at work.
15 Because this matter also is remanded on other grounds, the court need
16 not decide whether the records submitted to the Appeals Council
17 justify remand.  The ALJ should consider the statements of Plaintiff's
18 co-workers upon review.

**CONCLUSION**

20      Having reviewed the record and the ALJ's findings, this court
21 concludes the ALJ's decision is not supported by substantial evidence
22 and is based on legal error.  Remand consistent with this decision is
23 necessary.  Upon remand, the ALJ shall reconsider the opinion of Dr.
24 Kanter and shall consider the entire record, including the evidence
25 submitted to the Appeals Council.  Accordingly,
26      **IT IS ORDERED:**
27      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is
28 **GRANTED**.  The matter is remanded to the Commissioner for additional

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT-15

proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED December 1, 2011.

                S/ CYNTHIA IMBROGNO
          UNITED STATES MAGISTRATE JUDGE